Decision and Journal Entry
{¶ 1} Appellant, James Turner, appeals the decision of the Wayne County Municipal Court, which convicted him of speeding and failure to comply and sentenced him accordingly. This Court affirms.
 I. {¶ 2} On July 16, 2002, appellant was charged with speeding in violation of R.C. 4511.21(C) and failure to comply with order or signal of police officer in violation of R.C. 2921.331. Appellant pled not guilty to both charges and the case was set for a jury trial. On December 11, 2002, appellant's trial commenced and the jury found him guilty as to both charges. The trial court sentenced appellant to a $100.00 fine and a one-year license suspension for his speeding conviction, and a $300.00 fine, court costs, and 30 days in jail for his failure to comply conviction. The trial court stayed the sentence for appellant to file his appeal.
 {¶ 3} Appellant timely appealed, setting forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"Venue Of The Alleged Offense Was Not In Wayne County And Could Not Be Established Beyond A Reasonable Doubt."
 {¶ 4} In his first assignment of error, appellant argues the trial court did not have venue with regard to the offense of failure to comply. Specifically, appellant contends the incident giving rise to the charge took place in Summit County and the State presented no proof of a continuing course of criminal conduct. This Court disagrees.
 {¶ 5} Ohio has codified its venue law in R.C. 2901.12, which provides, in relevant part:
"When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred." R.C. 2901.12(H).
 {¶ 6} Prima facie evidence is established showing a course of criminal conduct when an offense is committed as part of the same transaction or chain of events, or in furtherance of the same purpose or objective. R.C. 2901.12(H)(3).
 {¶ 7} In the instant case, appellant's defense counsel conceded on the record that the speeding offense took place in Wayne County. In addition, State Trooper Mossor testified that he observed three motorcycles traveling in a cluster at an excessive rate of speed northbound on State Route 21 in Chippewa Township, Wayne County, Ohio. He stated he proceeded to check their speed using his radar unit and the three motorcycles were clocked at a speed of 128 miles per hour. State Trooper Mossor testified he pursued the motorcycles at a high rate of speed. Once he gained some ground on them, he activated his sirens and lights as the vehicles traveled through the light at Grill Road in Wayne County, and the three motorcycles continued speeding. State Trooper Mossor then pursued the motorcyclists into Summit County, but they refused to stop.
 {¶ 8} This Court finds there was uncontested evidence that the offense of speeding occurred in Wayne County and the motorcyclists were pursued into Summit County. This evidence clearly established venue for the offense of failure to comply as it was part of the course of criminal conduct. Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"The Court Erred In Denying Appellant's Motion For Acquittal For Insufficiency Of The Evidence At The Close Of Testimony."
 {¶ 9} In his second assignment of error, appellant argues the trial court erred in denying his motion for acquittal because the State presented insufficient evidence at trial.
 {¶ 10} It is well settled in this Court that a "`defendant who is tried before a jury and brings a Crim.R. 29(A) motion for acquittal at the close of the state's case waives any error in the denial of the motion if the defendant puts on a defense and fails to renew the motion for acquittal at the close of all the evidence.'" State v. Patton, 9th Dist. No. 02CA0113-M, 2003-Ohio-4030, at ¶ 12, quoting State v.Jaynes, 9th Dist. No. 20937, 2002-Ohio-4527, at ¶ 7; see, also,State v. Dokes, 9th Dist. No. 21179, 2003-Ohio-728.
 {¶ 11} In the instant case, appellant's defense counsel moved for acquittal pursuant to Crim.R. 29 at the close of the State's evidence and the trial court overruled the motion. Appellant, through his counsel, then presented one witness in support of his defense. After completion of his defense, appellant failed to renew his motion for acquittal. Consequently, this Court concludes that appellant waived his right to challenge the trial court's denial of his motion for acquittal on appeal. Appellant's second assignment of error is overruled.
 III. {¶ 12} Accordingly, appellant's two assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.
Judgment affirmed.
BAIRD, P.J., BATCHELDER, J. CONCUR.